UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>J. TANTON, et al.,<br><br>Defendants. | No. 2:18-cv-00671 CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 6, 8. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the motions to proceed in forma pauperis will be granted. ECF Nos. 6,8.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

1

I.     **Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     **Allegations in the Complaint**

Plaintiff names 12 different correctional officers and mental health staff at California State Prison in Sacramento ("CSP-Sac") as defendants in this action. The allegations in the complaint

concern incidents that occurred on June 19 and 21, 2015 as well as on October 20, 2015. During these time periods, plaintiff "felt extremely suicidal" and decided that "the easiest way to die was suicide by cop." ECF No. 1 at 5. Based on this suicide plan, various correctional officers forcibly extracted plaintiff from his cell on June 19, 2015 resulting in injuries to his head from being struck with a baton. Id. at 5-6. After being removed from his cell, plaintiff was placed on suicide watch. Id. at 8. On June 20, 2015, plaintiff told Dr. F. Martin that he "felt even more suicidal," but he was discharged from suicide watch and ordered back to his cell on the same day. Id. Plaintiff remained suicidal and informed Dr. Kenton of his plan to be cell extracted "in hope of dying" on June 21, 2015. Id. at 9. According to plaintiff, Dr. Kenton "walked away without another question or comment." Id. Plaintiff was finally admitted to the mental health crisis bed unit on June 24, 2015 after he was extracted from his cell by force and pepper sprayed. Id.

On October 20, 2015, plaintiff reported feeling suicidal to Psychiatric Technician Herrera who was passing out medication. ECF No. 1 at 10. Plaintiff also refused to take his medication. Id. Defendant Herrera continued to distribute medication to other inmates and did not obtain any additional medical or psychiatric assistance for plaintiff. Id. Several hours later, plaintiff was once again extracted from his cell by force causing injuries to his head and right eye. Id.

**III.    Analysis**

**A.    Deliberate Indifference Claims**

"[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'" Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); see also Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) ("Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." (internal quotations omitted)).

////

Here, plaintiff alleges that defendants F. Martin, Psychologist Kenton, and Psychiatric Technician Herrera either failed to provide him with psychiatric services or removed plaintiff from suicide watch after he told them that he was suicidal and had a specific suicide plan that involved having correctional officers kill him during a cell extraction. "[A] heightened suicide risk can present a serious medical need." Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). At the screening stage, the court must accept plaintiff's allegations as true. Accordingly, the undersigned finds that plaintiff has stated a cognizable claim against defendants F. Martin, Psychologist Kenton, and Psychiatric Technician Herrera for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

### B. Excessive Force Claims

"[T]he unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)).

When prison officials are accused of using excessive force in violation of the Eighth Amendment, the relevant inquiry is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. Whitley v. Albers, 475 U.S. 312, 320–21 (1986); Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). "Force does not amount to a constitutional violation ... if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" Clemente v. Gomez, 298 F.3d 898, 903 (9th Cir.2002) (quoting Whitley, 475 U.S. at 320–21.

Courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious

injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

Additionally, the failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

The allegations in the complaint are not sufficiently detailed for this court to determine whether the force used was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320–21. Plaintiff just asserts that he was struck in various parts of his body by certain officers while other officers watched and that he was injured as a result. Plaintiff provides no details about the circumstances surrounding the use of force by these defendants. Instead, he states that he "made it to where they were forced to cell extract me; which they did and the result was not death but a severe head wound." ECF No. 1 at 6. Even liberally construed, the allegations in the complaint fail to state an excessive force claim against defendants J. Tanton, G. Ellin, L. Spangler, J. Leech, T. Stanfield, S. Manson, and J. Morton. However, the court will grant plaintiff leave to amend in order to include sufficient facts to allege an Eighth Amendment excessive force claim against these defendants.

**IV. Leave to Amend**

For the reasons set forth above, the court finds that the only cognizable claims in the complaint are the Eighth Amendment deliberate indifference claims against defendants F. Martin, Psychologist Kenton, and Psychiatric Technician Herrera. However, it appears that plaintiff may be able to allege facts to remedy the deficiencies with respect to the remaining defendants. Plaintiff will be given time to amend his complaint to cure this deficiency if he so chooses. Plaintiff is not required to file an amended complaint, and may instead choose to proceed with service of process on the Eighth Amendment claims against defendants F. Martin, Psychologist

5

Kenton, and Psychiatric Technician Herrera.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment claims against defendants F. Martin, Psychologist Kenton, and Psychiatric Technician Herrera, the court will send him the necessary forms for service of the complaint. A decision to go forward without amending the complaint will result in a recommendation that all the other claims against the remaining defendants be dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.     Motion for the Appointment of Counsel**

Additionally, plaintiff has requested the appointment of counsel. ECF No. 2. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the

court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Therefore, his motion for the appointment of counsel will be denied without prejudice. ECF No. 2.

**VII. Plain Language Summary for a Pro Se Litigant**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that this order is understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. Some of the allegations in the complaint state claims against the defendants and some do not. The Eighth Amendment deliberate indifference claims against defendants F. Martin, Psychologist Kenton, and Psychiatric Technician Herrera do state a claim for relief which can proceed. The claims against defendants J. Tanton, G. Ellin, L. Spangler, J. Leech, T. Stanfield, S. Manson, and J. Morton fail to sufficiently allege Eighth Amendment excessive force or failure to protect claims. However, the court is granting you leave to amend these claims to try to fix these problems.

You can either (1) proceed immediately on your Eighth Amendment claims against defendants F. Martin, Psychologist Kenton, and Psychiatric Technician Herrera; or (2) amend the

1  complaint to fix the Eighth Amendment claims against the remaining defendants.  If you want to

2  go forward without amending the complaint, the undersigned will recommend dismissing the

3  Eighth Amendment claims against defendants J. Tanton, G. Ellin, L. Spangler, J. Leech, T.

4  Stanfield, S. Manson, and J. Morton.

5       If you choose to amend your complaint, the amended complaint must include all of the

6  claims you want to make, including the ones that have already been found to state a claim,

7  because the court will not look at the claims or information in the original complaint.  Any claims

8  and information not in the first amended complaint will not be considered.  You must complete

9  the attached notification showing what you want to do next and return it to the court within

10 twenty-one days from the date of this order.  Once the court receives the notice, it will issue an

11 order telling you what you need to do next (i.e. file an amended complaint or complete and return

12 service paperwork).

13      In accordance with the above, IT IS HEREBY ORDERED that:

14      1. Plaintiff's motions for leave to proceed in forma pauperis, ECF No. 6, 8, are granted.

15      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee

16 shall be collected and paid in accordance with this court's order to the Director of the California

17 Department of Corrections and Rehabilitation filed concurrently herewith.

18      3. Plaintiff's motion for the appointment of counsel, ECF No. 2, is denied without

19 prejudice.

20      4. Plaintiff has the option to proceed immediately on his Eighth Amendment deliberate

21 indifference claims against defendants F. Martin, Psychologist Kenton, and Psychiatric

22 Technician Herrera.  Plaintiff may, however, choose instead to amend the complaint to try to fix

23 the deficiencies with the remaining defendants.

24      5. Within twenty-one days of service of this order, plaintiff shall complete and return the

25 attached form notifying the court whether he wants to proceed on the current complaint or

26 whether he wants to file a first amended complair

27 Dated:  July 9, 2018

28 12/camp0671.1.option.docx

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL,<br><br>        Plaintiff,<br><br>    v.<br><br>J. TANTON, et al.,<br><br>        Defendants. | No. 2:18-cv-00671 CKD P<br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

    Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference claims against defendants F. Martin, Psychologist Kenton, and Psychiatric Technician Herrera.

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.

DATED:

                                                  _____
                                                  Plaintiff