UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>J. TANTON, et al.,<br><br>    Defendants. | No. 2:18-cv-0671 KJM CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel in this federal civil rights case filed pursuant to 42 U.S.C. § 1983. Defendants have answered the complaint and plaintiff has filed a motion for the appointment of counsel. In light of plaintiff's deteriorating mental health status and the procedural posture of this case, the court will grant plaintiff's motion for the appointment of counsel for the limited purpose of preparing for and participating in a settlement conference to be scheduled in this matter. ECF No. 48. The court hereby appoints Carter C. White and the King Hall Civil Rights Clinic who have indicated their willingness to represent plaintiff for this limited purpose. The scheduling of this matter will proceed in consideration of the academic calendar of the King Hall Civil Rights Clinic and the CDCR restrictions on inmate visitation due to Covid 19.

A review of the court's docket in this matter also indicates that service of process directed to defendant J. Tanton was returned unserved because defendant is on extended leave due to

military duty. ECF No. 52. Accordingly, plaintiff must provide additional information to serve this defendant. Plaintiff shall promptly seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff. If access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention and request additional time for service in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

The undersigned is referring all post-answer civil rights cases filed by pro se inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project. No defenses or objections shall be waived by their participation.

As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim. Thus, the court stays this action for a period of 180 days to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

There is a presumption that all post-screening civil rights cases assigned to the undersigned will proceed to settlement conference.[1] However, if after investigating plaintiff's claims and speaking with plaintiff, and after conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this pilot project. A motion to opt out must be filed within sixty days of the date of this order.

Within thirty days, the assigned Deputy Attorney General shall contact this court's Courtroom Deputy, Judy Streeter, at (916) 930-4004, to schedule the settlement conference. If difficulties arise in scheduling the settlement conference due to the court's calendar, the parties may seek an extension of the initial 180 day stay.

Once the settlement conference is scheduled, at least seven days prior to conference, the parties shall submit to the assigned settlement judge a confidential settlement conference

---

[1] If the case does not settle, the court will issue a discovery and scheduling order.

2

statement. The parties' confidential settlement conference statement shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 48) is granted.

2. Carter C. White and the King Hall Civil Rights Clinic are appointed to represent plaintiff for the limited purpose of preparing for and participating in a settlement conference to be scheduled in this matter.

3. The Clerk of the Court is directed to send to plaintiff's counsel one USM-285 form along with an instruction sheet for service of process on defendant J. Tanton.

4. Within sixty days from the date of this order, plaintiff shall complete and submit the attached Notice of Submission of Documents to the court, with the following documents:

   a. One completed USM-285 form for defendant J. Tanton;

   b. Two copies of the endorsed second amended complaint filed April 15, 2019; and

   c. One completed summons form (if not previously provided) or show good cause why he cannot provide such information.

5. This action is stayed for 180 days to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

6. Defendants shall file any motion to opt out of the Post-Screening ADR Project no more than sixty days from the date of this order.

7. Within thirty days from the date of this order, the assigned Deputy Attorney General shall contact this court's Courtroom Deputy, Judy Streeter, at (916) 930-4004, to schedule the

settlement conference **no earlier than September 14, 2020**.

8. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the judge assigned for settlement.

9. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

10. The parties remain obligated to keep the court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

Dated: April 13, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/camp0671.adr.post.answer

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>J. TANTON, et al.,<br><br>Defendants. | No. 2:18-cv-0671 KJM CKD P<br><br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

\_\_\_\_ completed summons form

\_\_\_\_ completed USM-285 form

\_\_\_\_ copies of the Second Amended Complaint filed April 15, 2019.

DATED:

_____
Plaintiff's Counsel

1