UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL,<br><br>          Plaintiff,<br><br>     v.<br><br>JOSHUA J. TANTON, et al.,<br><br>          Defendants. | No.  2:18-cv-0671 KJM CKD P<br><br>ORDER AND LIMITED DISCOVERY<br><br>AND SCHEDULING ORDER |

Plaintiff's motion to strike defendant Tanton's affirmative defenses came on for hearing on February 17, 2021. Carter Capps White and Certified Law Students Danya Hofnor and Andrew Cohen appeared on behalf of plaintiff. Deputy Attorney General Kelli Hammond appeared for defendants. Upon review of the motion, opposition, and reply brief, the court will grant the motion, in part, and set a limited discovery and scheduling order in this matter pertaining to the issue of plaintiff's exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a).

**I.   Factual and Procedural Background**

Plaintiff is a mentally ill inmate who "has alternated between [the] Enhanced Outpatient Program ("EOP") and [the] correctional Clinical Case Management System ("CCCMS") levels of care" within the state prison system. ECF No. 38 at 1. This case involves plaintiff's mental health care and the use of excessive force against him during cell extractions while an inmate at

1

California State Prison-Sacramento in 2015.

This case is proceeding on plaintiff's second amended complaint filed by counsel on April 15, 2019 asserting Eighth Amendment claims of deliberate indifference to plaintiff's serious medical needs against defendants Becerra, Halloran, Largent, Valencia, Martin, Kenton, and Herrera; an Eighth Amendment claim of excessive force against defendants Tanton, Hammer, Pierce, Stanfield, Rashev, Leech, and Manson; and an Eighth Amendment failure to protect claim against defendant Ellin. See ECF No. 43 (screening order).

## II.    Appointment of Counsel

Before addressing the substance of plaintiff's motion, the court will address defendants' general objection concerning the scope of the appointment of counsel to plaintiff. See ECF No. 84 at 2 (stating that "Defendants oppose Plaintiff's motion and move to strike on the grounds that Mr. White and the King Hall Civil Rights Clinic are not attorneys of record in this matter."). The last order appointing the King Hall Civil Rights Clinic was issued on April 13, 2020 and was for the "limited purpose of preparing and participating in a settlement conference to be scheduled in this matter." ECF No. 59. The case did not settle on September 30, 2020 and no further appointment order has been issued to date. ECF No. 73.

In light of plaintiff's substantial mental health issues as well as the complexity of this case involving fifteen defendants, the court finds that exceptional circumstances continue to necessitate the ongoing appointment of counsel. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The King Hall Civil Rights Clinic has graciously agreed to accept the court's appointment on an additional limited basis for the purpose of conducting and completing discovery on the issue of the exhaustion of administrative remedies. ECF No. 87 at 5. Therefore, the court will appoint the King Hall Civil Rights Clinic nunc pro tunc to the date of the settlement conference in this case on September 30, 2020. See also ECF No. 59.

While this order appointing counsel is for a limited purpose, the parties are advised that the court anticipates continuing to appoint the Clinic for the duration of this case in light of its complexity.

### III.     Motion to Strike

Plaintiff moves to strike 5 out of the 7 affirmative defenses asserted in defendant Tanton's Answer pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the basis that they are factually deficient to provide sufficient notice to plaintiff. ECF No. 80. Specifically, plaintiff seeks to strike the asserted defenses of: 1) immunity and qualified immunity; 2) res judicata or collateral estoppel; 3) supervisory liability and respondeat superior; 4) the right to reserve additional defenses revealed in discovery; and, 5) the failure to state a claim for punitive damages.

In opposition, defendant Tanton asserts that the challenged affirmative defenses are sufficiently pled in accordance with Rule 8 of the Federal Rules of Civil Procedure. ECF No. 84 at 2. Defendant Tanton only specifically responds to plaintiff's challenge to the affirmative defense of immunity and qualified immunity arguing that they are not redundant. ECF No. 84 at 4. To the extent that the court finds any affirmative defense insufficient, defendant Tanton requests leave to amend his answer. ECF No. 84 at 4.

### IV.     Legal Standards

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a complaint "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…." Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). However, motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation marks omitted); see also Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic"). Whether to grant a motion to strike is within the sound discretion of the court, but the court must view the pleading in a light most favorable to the non-moving party. See Neilson, 290

F. Supp. 2d at 1152.

When moving to strike an affirmative defense, the moving party must persuade the court that there are no disputed questions of fact or law and that the defense could not succeed under any set of circumstances. See Sec. and Exch. Comm'n v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citation omitted). The Ninth Circuit has held that an affirmative defense is sufficiently pled when it provides the plaintiff with fair notice of its grounds, which need only be described in general terms. Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) ("the 'fair notice' required by the pleading standards only requires describing the [affirmative] defense in 'general terms.'"). "Although fair notice is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defenses." United States v. Gibson Wine Co., Case No. 1:15-cv-1900-AWI-SKO, 2016 WL 1626988, at *5 (E.D. Cal. Apr. 25, 2016) (citations omitted). However, "when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike." Securities and Exch. Comm'n, 902 F. Supp. at 1166. If a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the strong policy favoring resolution of cases "on the proofs rather than the pleadings." Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208, 213 (9th Cir. 1957).

**V.     Analysis**

After review of the affirmative defenses, the court will grant plaintiff's motion to strike, in part, and deny it, in part. The court finds that defendant Tanton has not provided plaintiff with adequate notice of the affirmative defenses of immunity and res judicata or collateral estoppel. Defendant Tanton does not specify what type of immunity he is asserting. Nor is there any factual basis for his reliance of the defense of res judicata or collateral estoppel. Plaintiff correctly points out that this "defense is completely hypothetical" because it does not reference any prior lawsuits involving these same claims. ECF No. 80 at 4. Defendant Tanton's conclusory legal assertions involving the defenses of immunity and res judicata/collateral estoppel do not suffice to afford plaintiff fair notice of how they apply to this case. See McCune v. Munirs Co., No. 2:12-cv-02733-GEB, 2013 WL 5467212 at *1 (E.D. Cal. Sept. 30, 2013 ("An

4

affirmative defense which simply states a legal conclusion or theory...is insufficient to provide fair notice."). Accordingly, the court will grant plaintiff's motion to strike the affirmative defenses of immunity and res judicata/collateral estoppel.

Defendant Tanton's seventh affirmative defense contends that the complaint fails to sufficiently allege a claim for punitive damages. ECF No. 79 at 3. The court will grant plaintiff's motion to strike this defense because it only relates to the type of damages plaintiff can be awarded and, as such, is not a true affirmative defense. See Castellano v. Access Premier Realty7, Inc., Case No. 2015 WL 7423821 at *3 (E.D. Cal. Nov. 23, 2015) (emphasizing that "challenges to damages do not constitute proper affirmative defenses….").

In his sixth affirmative defense, defendant Tanton reserves the right to assert additional affirmative defenses, "if and to the extent such defenses are applicable." ECF No. 79 at 3. The court finds that reserving the ability to assert additional affirmative defenses is too vague to provide plaintiff with adequate notice. Because the court will grant defendant Tanton leave to amend his answer in light of the court's ruling on plaintiff's motion to strike, this defense is also superfluous. Accordingly, the court will grant plaintiff's motion to strike defendant Tanton's sixth affirmative defense.

The court will deny plaintiff's motion to strike with respect to defendant Tanton's assertion of qualified immunity. The court is not persuaded that defendant Tanton cannot succeed on this affirmative defense under any set of circumstances, or that it is insufficient as a matter of law. Therefore, plaintiff's motion to strike the affirmative defense of qualified immunity is denied.

Plaintiff's challenge to defendant Tanton's affirmative defense of supervisory liability and respondeat superior is completely fact-based. The parties dispute whether defendant Tanton was following the orders of defendant Ellin or was acting in his supervisory capacity. Compare ECF No. 79 at 3 with ECF No. 80 at 4. The court will not resolve a disputed factual matter via a motion to strike an affirmative defense. See Securities and Exch. Comm'n v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). Therefore, the court will deny plaintiff's motion to strike defendant Tanton's fifth affirmative defense of supervisory liability.

1    In light of the court's decision to grant plaintiff's motion to strike affirmative defenses, in
2  part, the court will grant defendant Tanton leave to amend his answer. Defendant Tanton may
3  file an amended answer within 21 days from the date of this order, or he can stand on his answer
4  as filed minus the stricken affirmative defenses.
5    Good cause appearing, IT IS HEREBY ORDERED that:
6    1. Carter C. White and the King Hall Civil Rights Clinic are appointed to represent
7  plaintiff for the limited purpose of conducting discovery and responding to any motion for
8  summary judgment pertaining to the issue of exhaustion. Counsel is appointed nunc pro tunc to
9  the date of the settlement conference in this case on September 30, 2020. Said appointment of
10 counsel shall continue up to and including the date of a status conference to be scheduled upon
11 resolution of any motion for summary judgment on exhaustion.
12   2. Plaintiff's motion to strike defendant Tanton's affirmative defenses (ECF No. 80) is
13 granted, in part, and denied, in part, as indicated herein. Defendant Tanton may file an amended
14 answer within 21 days from the date of this order, or he may stand on his answer as filed minus
15 the stricken affirmative defenses.
16   3. The parties are ordered to provide initial disclosures within forty-five days of the date
17 of this order limited to the issue of the exhaustion of administrative remedies.
18   4. The parties are also ordered to meet and confer within 30 days for the purpose of
19 preparing a protective order in this case. The parties are encouraged to submit a joint proposed
20 protective order.
21   5. Based on the agreement of the parties, discovery in this case shall be bifurcated with all
22 deadlines included in this order limited to plaintiff's exhaustion of his administrative remedies
23 prior to filing this lawsuit.
24   6. Discovery requests shall be served by the party seeking the discovery on all parties to
25 the action.[1] Discovery requests shall not be filed with the court except when required by Local
26 Rules 250.1, 250.2, 250.3 and 250.4.

---

[1] If an attorney has filed a document with the court on behalf of any defendant, then plaintiff must serve documents on that attorney and not on the defendant. See Fed. R. Civ. P. 5(b).

      7. Responses to written discovery requests shall be due forty-five days after the request is served.

      8. The parties are cautioned that filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that the action be dismissed or the answer stricken.

      9. Pursuant to Federal Rule of Civil Procedure 30(a), defendants may depose, either in person or by videoconference, plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by Fed. R. Civ. P. 30(b)(1).

      10. If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 134, 135, 130, 131, 110, 142, and 251 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Filing of a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion.

      11. **The parties may conduct discovery limited to the issue of exhaustion until May 21, 2021.** Any motions necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

      12. **Any summary judgment motion related to the issue of exhaustion shall be filed on or before August 19, 2021.**

      13. A further scheduling conference will be set upon resolution of any summary judgment motion on plaintiff's exhaustion of administrative remedies.

Dated: February 22, 2021

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/camp0671.oah+dso.exhaust.docx