UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA J. TANTON, et al.,<br><br>Defendants. | No. 2:18-cv-0671 KJM CKD P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding through counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 19, 2021, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 118. Plaintiff has filed objections to the findings and recommendations, ECF No. 119, and defendants have filed a response to plaintiff's objections, ECF No. 120.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court refers the matter back to the assigned magistrate judge for further proceedings consistent with this order.

/////

1

This action is proceeding on plaintiff's second amended complaint, filed April 15, 2019. ECF No. 38. Defendants' operative answers include the affirmative defense of failure to exhaust administrative remedies. *See* ECF No. 94 at 3 (Answer by defendants Becerra, Ellin, Halloran, Hammer, Herrera, Largent, Leech, Manson, Pierce, Rashev, Stanfield, and Valencia); *see also* ECF No. 96 at 3 (First Amended Answer by defendants Kenton, Martin, Herrera, and Tanton). Defendant Herrera is identified as an answering defendant in both ECF No. 94 and ECF No. 96. On February 22, 2021, the magistrate judge issued a limited discovery and scheduling order, limiting initial discovery to the issue of exhaustion of administrative remedies and setting a deadline of August 19, 2021 for the filing of any motion for summary judgment related to exhaustion. ECF No. 89 at 6-7. The August 19, 2021 deadline was extended to September 7, 2021 by stipulation and order filed September 1, 2021. ECF No. 105.

On September 7, 2021 the parties timely filed cross motions for summary judgment on the issue of exhaustion. The magistrate judge recommends that plaintiff's motion be denied as improperly filed. ECF No. 118 at 5. Specifically, the magistrate judge reasons that because exhaustion of administrative remedies is an affirmative defense and three of the defendants against whom plaintiff seeks summary judgment did not raise the affirmative defense in the defense motion for summary judgment, ruling on plaintiff's motion would be in the nature of an advisory opinion. *Id.* Although plaintiff does not object to the recommended disposition of his motion for summary judgment, *see* ECF No. 119, the recommendation is based on an error of law.

In this circuit "either party" may make a motion for summary judgment "directed solely to the issue of exhaustion." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). Thus, plaintiff's motion was properly filed. Defendants opposed the motion on the merits, in relevant part here disputing plaintiff's contention that he exhausted administrative remedies with respect to his claim against defendant Pierce. *See* ECF No. 111 at 3. Although defendant Pierce did not affirmatively seek summary judgment on the grounds of non-exhaustion, *see* ECF No. 111, at 1-2; *see also* ECF No. 106-1 at 4 (listing defendants who seek summary judgment for non-
/////

2

1  exhaustion), as noted this dispute is properly raised by plaintiff's motion for summary judgment
2  and must be resolved.[1]

3  As the magistrate judge noted, there is overlap in the cross-motions for summary
4  judgment with respect to the exhaustion question as it relates to claims against four defendants,
5  Manson, Leech, Stanfield, and Ellin.  *See* ECF No. 118 at 2, 5.  The magistrate judge has
6  addressed the claims against these four defendants in the findings and recommendations on
7  defendants' motion for summary judgment.  *See* ECF No. 118, *passim*.  Plaintiff objects only to
8  the findings and recommendations with respect to his claim against defendant Leech, *see*, ECF
9  No. 119, and defendants have replied to those objections.

10  In the interests of judicial economy, the court will refer both cross-motions for summary
11  judgment back to the assigned magistrate judge for further proceedings consistent with this order.
12  In making findings and recommendations on plaintiff's cross-motion for summary judgment, the
13  magistrate judge may consider the arguments raised in plaintiff's objections, ECF No. 119, and
14  defendants' response thereto, ECF No. 120, on the question of whether plaintiff exhausted
15  administrative remedies with respect to his excessive force claim against defendant Leech.
16  Except as necessary to make findings and recommendations on plaintiff's motion for summary
17  judgment and to further review the parties' arguments about exhaustion of the claim against
18  defendant Leech, the magistrate judge is not required to otherwise revisit the findings and
19  recommendations on defendants' motion for summary judgment and may incorporate the existing
20  findings and recommendations, in whole or in part, into the subsequent findings and
21  recommendations she issues.[2]

22  /////
23  /////
24  /////

---

[1] In light of this order, it appears defendant Pierce's request to withdraw or amend his response to plaintiff's request for admissions pursuant to Federal Rule of Civil Procedure 36(b) should also be resolved.  *Cf*. ECF No. 118 at 5 n.2.

[2] As defendants correctly note in their response to plaintiff's objections, plaintiff does not object to the findings and recommendations that the claims against defendants Halloran, Largent, Valencia, Manson or Stanfield be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 19, 2021, are not adopted; and
2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: September 6, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE