UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL, | No.  2:18-cv-00671-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| JOSHUA J. TANTON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding through appointed pro bono counsel in this action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on plaintiff's second amended complaint filed by counsel on April 15, 2019 alleging Eighth Amendment deliberate indifference claims against defendants Becerra, Halloran, Largent, Valencia, Martin, Kenton, and Herrera; Eighth Amendment excessive force claims against defendants Tanton, Hammer, Pierce, Rashev, Stanfield, Leech and Manson; and an Eighth Amendment failure to protect claim against defendant Ellin.  See ECF No. 43.

After discovery was bifurcated on the issue of plaintiff's exhaustion of his administrative remedies, the parties filed cross summary judgment motions.  ECF Nos. 106, 107.  After full briefing on the motions, a hearing was held before the undersigned on October 6, 2021.  See ECF No. 116.  Findings and Recommendations were issued on October 19, 2021 recommending that defendants' motion for summary judgment be granted, in part, and plaintiff's cross-motion for

1

1   summary judgment be denied as improperly filed.  ECF No. 118.  On September 6, 2022, the

2   district court judge rejected these Findings and Recommendations and referred the motions back

3   for further proceedings.  ECF No. 138.  For the reasons explained in further detail below, the

4   undersigned recommends granting defendants' motion for summary judgment, in part, only as to

5   defendants Halloran, Largent, Valencia, Manson, and Stanfield.  As to plaintiff's cross-motion for

6   summary judgment, the undersigned recommends granting it, in part, only to defendants Tanton,

7   Rashev, Leech, and Ellin.

8         I.        **Allegations in the Second Amended Complaint**

9         Plaintiff is a mentally ill inmate who "has alternated between [the] Enhanced Outpatient

10  Program ("EOP") and [the] correctional Clinical Case Management System ("CCCMS") levels of

11  care" within the state prison system. ECF No. 38 at 1.  The allegations in the second amended

12  complaint occurred while he was incarcerated at California State Prison-Sacramento ("CSP-

13  Sac").  ECF No. 38 at 4.

14        In his first claim for relief, plaintiff alleges that defendants Becerra, Halloran, Largent,

15  Valencia, Martin, Kenton, and Herrera were deliberately indifferent to his serious medical needs

16  in violation of the Eighth Amendment during the course of his mental health evaluation and

17  treatment between June and October 2015.  ECF No. 38 at 10-11.  In his second claim for relief,

18  plaintiff alleges that defendants Tanton, Hammer, Pierce, Stanfield, Rashev, Leech, and Manson

19  used excessive force against him during the course of cell extractions or escorts of plaintiff in

20  June, August, and October 2015.  ECF No. 38 at 11-12.  Plaintiff also alleges that defendant Ellin

21  failed to protect him from the use of excessive force during his June 19, 2015 cell extraction.

22  ECF No. 38 at 12-13.

23        II.       **Motions for Summary Judgment**

24        **A. Defendants' Motion**

25        Defendants' summary judgment motion contends that plaintiff failed to properly exhaust

26  his administrative grievances with respect to the Eighth Amendment deliberate indifference

27  claims against defendants Halloran, Largent, Valencia; the excessive force claims against

28  defendants Manson, Leech and Stanfield; and the failure to protect claim against defendant Ellin.

1    Specifically, defendants Halloran, Largent, and Valencia contend that plaintiff's health care

2    grievance did not challenge their asserted deliberate indifference because it was limited to

3    complaints that Dr. Martin ordered plaintiff back to his cell despite his suicidal thoughts.  See

4    Grievance No. SAC-HC-15031282.  While this health care appeal mentioned defendant Valencia

5    it only did so in the context of referring to prior cell extractions and was not sufficient to alert the

6    prison that Valencia was deliberately indifferent to his serious mental health needs.

7         Defendants Manson, Leech, and Stanfield assert that the only grievance plaintiff

8    submitted against them concerned a Rules Violation Report ("RVR") that was issued to plaintiff

9    and did not complain of their use of excessive force two years earlier.  Additionally, the grievance

10   pertaining to the issuance of the RVR was untimely as to the use of force that occurred on

11   October 20, 2015.  Therefore, the excessive force claims stemming from this incident were not

12   properly exhausted according to defendants.

13        Defendant Ellin also seeks summary judgment because s/he was not specifically named in

14   the grievance concerning the cell extraction on July 19, 2015 involving the use of excessive force

15   by defendant Tanton.  Defendants argue that a Rules Violation Report that listed Ellin was served

16   on plaintiff before he filed his grievance and he was therefore required to identify this defendant

17   by name in his inmate appeal according to CDCR regulations.

18        By way of opposition, plaintiff asserts that he submitted administrative grievances with

19   enough information to identify defendants Halloran, Largent, Valencia, Manson, Leech,

20   Stanfield, and Ellin so as to constitute the proper exhaustion of his claims against them.  ECF No.

21   112.  Plaintiff submits that the relevant CDCR regulations do not require a prisoner to name

22   specific prison officials in an administrative grievance.  ECF No. 112 at 2.  But, rather, "CDCR

23   regulations only require that [p]laintiff mention all facts known and available in a grievance to

24   identify the involved staff members."  Id. (citing Cal. Code Regs. tit. 15 § 3084.2(a)(2)(a)(3)-(4)).

25   With respect to defendant Ellin, plaintiff's Appeal Log No. SAC-15-02037 stated that both the

26   "Sgt. [and] Lt. who overseed [sic] the cell extraction are in violation as well."  Id. at 4 (citing ECF

27   No. 108-1 at 25).  This information was sufficient to grieve the actions of defendant Ellin who

28   ordered the cell extraction on the date at issue.  ECF No. 112.

Plaintiff further contends that Appeal Log No. SAC-P-17-03161 contained all the facts known and available to plaintiff so as to properly exhaust his excessive force claims against defendants Manson, Leech, and Stanfield. ECF No. 112 at 4. This grievance specifically identifies these defendants by name. Specifically, plaintiff complains about "being struck in the head with leg irons by C/O J. Leech." ECF No. 107-2 at 22. The grievance also lists defendants Manson and Stanfield as taking part in the cell extraction. ECF No. 107-2 at 22.

Lastly, plaintiff asserts that all available facts regarding the deliberate indifference claims against defendants Halloran, Valencia, and Largent were reported in Appeal Log No. SAC-HC-15-031282 which requested that the mental health staff be held liable for the injuries he received from the July 17, 2015 cell extraction that occurred after he was denied mental health treatment. ECF No. 112 at 5-6. Because these defendants were all involved in forming plaintiff's mental health treatment plan for his suicidal ideation, plaintiff submits that he properly exhausted his administrative grievances. Id.

In reply, defendant Ellin asserts that plaintiff was provided with an RVR that referred to Ellin's involvement in the June 19, 2015 cell extraction being grieved. ECF No. 113 at 2. Because he had this information but did not include it in the grievance, plaintiff failed to properly exhaust his administrative remedies with respect to the claim against defendant Ellin. Defendants Manson, Stanfield, and Leech argue that Appeal Log No. SAC-P-17-03161 was untimely with respect to the October 20, 2015 cell extraction and therefore does not constitute proper exhaustion of administrative remedies. ECF No. 113 at 3. These defendants also contend that the substance of this 2017 administrative appeal was limited to challenging plaintiff's RVR and not their use of excessive force from 2015. Id. With respect to Appeal Log No. SAC-HC-15-031282, defendants contend that it only challenged a doctor's decision to return plaintiff to his cell after discussing his suicidal thoughts. ECF No. 113 at 3-4. While defendant Valencia is mentioned in this appeal, plaintiff merely complains about the truthfulness of the doctor's statements and not the lack of mental health treatment provided. Id. This administrative appeal was not sufficient to challenge plaintiff's mental health treatment plan formulated by defendants Halloran, Valencia, and Largent. Id.

4

1    **B.  Plaintiff's Motion**

2         In his cross motion for partial summary judgment, plaintiff asserts that the undisputed

3    material facts demonstrate that he properly exhausted his administrative remedies concerning his

4    claims of excessive force against defendants Tanton, Pierce, Rashev, Manson, Stanfield, Leech,

5    and the failure to protect claim against defendant Ellin.  ECF No. 107.  While four of these

6    defendants are addressed in defendants' motion for summary judgment, the motion raises the

7    exhaustion issue with respect to defendants Tanton, Pierce, and Rashev for the first time.[1]

8    Plaintiff asserts that Appeal Log No. SAC-15-02037 properly exhausted his administrative

9    remedies with respect to defendant Tanton's use of force against him on June 19, 2015.  ECF No.

10   107 at 4.  With respect to defendants Pierce and Rashev, plaintiff contends that Appeal Log No.

11   SAC-15-03171 fully exhausted his administrative remedies with respect to his excessive force

12   claims against them.  ECF No. 107 at 4-5.   Plaintiff also submits that defendant Pierce did not

13   timely respond to his request for admissions.  Therefore, the court should deem Pierce's failure to

14   timely respond as an admission that plaintiff has exhausted his administrative remedies as to the

15   excessive force claim against him.

16        In opposition to plaintiff's motion for summary judgment, defendants concede that

17   plaintiff exhausted his administrative remedies with respect to the excessive force claims against

18   defendants Tanton and Rashev.  ECF No. 111.  However, defendants contend that plaintiff never

19   submitted a grievance alleging that Pierce used excessive force against him on August 22, 2015.

20   ECF No. 111 at 3-4.  Appeal Log No. SAC-15-03174 only asserted that defendant Rashev

21   slammed plaintiff to the ground.  ECF No. 111 at 3.  This inmate grievance did not mention any

22   use of force by defendant Pierce.  "To the extent that [p]laintiff relies on Pierce's [own] staff

23   report which indicates that he used physical force to take [p]laintiff to the ground…, this is

24   immaterial and irrelevant since a staff report submitted by a correctional officer cannot take the

25   place of an inmate appeal required by California Code of Regulations, title, 15, section 3084, et

26   seq."  Id.  Moreover, the staff report only indicates that defendant Pierce used force to protect his

27   _____

28   [1] The court will not reiterate the arguments with respect to defendants Manson, Stanfield, Leech, and Ellin.

5

1   personal safety so it would not have provided the prison any reason to investigate his conduct.  Id.

2   Defendant Pierce further submits that a clerical error resulted in his responses to plaintiff's

3   request for admissions being served after the deadline and that he should be allowed to amend the

4   admissions pursuant to Rule 36(b) of the Federal Rules of Civil Procedure.  ECF No. 111 at 5-6.

5       Plaintiff's reply addresses the issue of exhaustion only with respect to the claims against

6   defendants Ellin, Leech, Manson, and Stanfield.  ECF No. 114.  The court will not reiterate

7   plaintiff's arguments that were first raised in opposition to defendants' summary judgment

8   motion.

9       **III.    Legal Standards**

10      **A. Summary Judgment Standards Under Rule 56**

11      Summary judgment is appropriate when it is demonstrated that there "is no genuine

12  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

13  Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by

14  "citing to particular parts of materials in the record, including depositions, documents,

15  electronically stored information, affidavits or declarations, stipulations (including those made for

16  purposes of the motion only), admissions, interrogatory answers, or other materials…."  Fed. R.

17  Civ. P. 56(c)(1)(A).

18      Summary judgment should be entered, after adequate time for discovery and upon motion,

19  against a party who fails to make a showing sufficient to establish the existence of an element

20  essential to that party's case, and on which that party will bear the burden of proof at trial.  See

21  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an

22  essential element of the nonmoving party's case necessarily renders all other facts immaterial."

23  Id.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party

24  to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec.

25  Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

26      In attempting to establish the existence of this factual dispute, the opposing party may not

27  rely upon the allegations or denials of their pleadings but is required to tender evidence of

28  specific facts in the form of affidavits, and/or admissible discovery material, in support of its

6

contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

When the parties file cross-motions for summary judgment, as in this case, the district court must consider all of the evidence submitted in support of both the motions to evaluate whether a genuine issue of material fact exists precluding summary judgment for either party. See Fair Housing Council of Riverside Cnty., Inc. v. Riverside Two, 249 F.3d 1132, 1135 (9th

1    Cir. 2001).

2        **B.  Exhaustion of Administrative Remedies**

3        The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be

4    brought with respect to prison conditions under section 1983 of this title, ... until such

5    administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner must

6    exhaust his administrative remedies before he commences suit.  McKinney v. Carey, 311 F.3d

7    1198, 1199–1201 (9th Cir. 2002).  Compliance with this requirement is not achieved by satisfying

8    the exhaustion requirement during the course of a civil action.  See McKinney, 311 F.3d 1198

9    (9th Cir. 2002).  Failure to comply with the PLRA's exhaustion requirement is an affirmative

10    defense that must be raised and proved by the defendant.  Jones v. Bock, 549 U.S. 199, 216

11    (2007).  In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in

12    either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is

13    clear on the face of the complaint, or (2) a motion for summary judgment.  Albino v. Baca, 747

14    F.3d 1162, 1169 (9th Cir. 2014) (en banc).  An untimely or otherwise procedurally defective

15    appeal will not satisfy the exhaustion requirement.  Woodford v. Ngo, 548 U.S. 81, 84 (2006).

16        In order to defeat a properly supported motion for summary judgment based on a

17    prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with

18    some evidence showing" that he has either (1) properly exhausted his administrative remedies

19    before filing suit or (2) "there is something in his particular case that made the existing and

20    generally available remedies unavailable to him by 'showing that the local remedies were

21    ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'"  Williams v.

22    Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767,

23    778 n.5) (9th Cir. 1996)); Jones, 549 U.S. at 218.  "Accordingly, an inmate is required to exhaust

24    those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the

25    action complained of.'"  Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner,

26    532 U.S. 731, 738 (2001)).  If undisputed evidence viewed in the light most favorable to the

27    prisoner shows a failure to exhaust, a defendant is entitled to summary judgment and "the proper

28    remedy is dismissal of the claim without prejudice."  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th

1 │ Cir. 2003) (citation omitted), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Albino</u>, 747 F.3d at 1168-69.  If there

2 │ is at least a genuine issue of material fact as to whether the administrative remedies were properly

3 │ exhausted, the motion for summary judgment must be denied, and the "district judge rather than a

4 │ jury should determine the facts" on the exhaustion issue.  <u>Albino</u>, 747 F.3d at 1166.

5 │ **IV.    Statement of Undisputed Facts[2]**

6 │ During the events at issue in the present lawsuit, plaintiff was an inmate at CSP-Sac.

7 │ Defendants' Statement of Undisputed Facts in Support of Motion for Summary Judgment

8 │ ("DSUF") at ¶ 1.  Likewise, at all times relevant to the instant proceeding, defendants were

9 │ employed by CDCR and worked in various capacities at CSP-Sac.  DSUF at ¶ 2.  As relevant to

10 │ the pending motions, defendant Ellin was employed as a Correctional Lieutenant and defendants

11 │ Tanton, Rashev, Pierce, and Leech were Correctional Officers.  ECF No. 38 at 3.  Defendants

12 │ Becerra, Halloran, Largent, and Valencia were members of the mental health treatment team that

13 │ created plaintiff's specific mental health treatment plan on June 17, 2015.  ECF No. 112-1 at  ¶ 18

14 │ (Plaintiff's Response to Defendants' Statement of Undisputed Facts).  Defendant Largent was a

15 │ Correctional Counselor.  ECF No. 38 at 2.

16 │ Plaintiff's original complaint in this action was filed on March 23, 2018 using the prison

17 │ mailbox rule.  <u>See</u> ECF No. 1 at 18; <u>see also</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988).  Accordingly,

18 │ plaintiff was required to exhaust his administrative remedies prior to that date.  <u>See</u> 42 U.S.C. §

19 │ 1997e(a).

20 │ **A.    CDCR Administrative Appeals Procedure**

21 │ At the time of the events at issue, all CDCR prisons, including CSP-Sac, used an inmate

22 │ grievance procedure with three levels of review.  DSUF at ¶ 3.  Upon receiving an inmate's

23 │ grievance, the appeals coordinator at the prison determines whether it has been properly

24 │ submitted, or must be rejected or cancelled because of errors; omissions; duplication of a prior

25 │ appeal; presentation of multiple, unrelated issues; or other violations of the governing regulations.

26 │ DSUF at ¶ 3.  If the grievance is accepted for review, it is processed at the first level of review

27 │

28 │ ───────────────
    │ [2]  All facts are undisputed unless otherwise noted.

1  which may sometimes be bypassed.  DSUF at ¶ 4.  If the inmate is not satisfied with the first level

2  response or if the appeal is bypassed at that level, the inmate may submit the grievance to the

3  second level of review.  DSUF at ¶ 4.  If the inmate is not satisfied with the second level

4  response, he or she may elevate the appeal to the final third level of review which is conducted by

5  the Office of Appeals in Sacramento.  DSUF at ¶ 4.

6        Inmate grievances are assigned a log number by the prison where the grievance

7  originated, and are logged into a computer-based tracking system called the Inmate Appeals

8  Tracking System ("IATS").  DSUF at ¶ 7.  The specific log number includes the prison at which

9  the inmate grievance arose.  DSUF at ¶ 7.  As relevant here, inmate appeals that arise at CSP-Sac

10  include the letters "SAC" in the appeal log number.  Id.  The IATS contains the following

11  information for each inmate appeal:  the name and CDCR number of the inmate filing the

12  grievance; the assigned grievance log number; the date received; the grievance issue; the review

13  level; the date each review level was completed; and, the disposition.  Id.

14        **B.**    **Appeal Log No. SAC-B-15-02037**

15        Plaintiff filed Appeal No. SAC-B-15-02037 alleging that Officer Tanton struck him in the

16  head with a baton during a cell extraction on June 19, 2015.  DSUF at ¶ 9; ECF No. 108-1 at 23-

17  26.  This appeal was received by the CSP-Sac Appeals Office on July 9, 2015.  DSUF at ¶ 9.

18  Defendants assert that this inmate appeal did not mention any other staff members who took part

19  in, or ordered, the cell extraction.  DSUF at ¶ 9.  Plaintiff counters that this grievance did mention

20  the Lieutenant who oversaw the cell extraction.  ECF Nos. 108-1 at 25, 112-1 at ¶ 9.

21        Defendants contend that plaintiff was served on June 30, 2015 with a copy of a Rules

22  Violation Report referring to Lt. Ellin's involvement in this cell extraction, although plaintiff

23  disputes that.

24        The parties agree that plaintiff submitted this appeal to all three levels of administrative

25  review.  CDCR denied this appeal at the third level of review on November 19, 2015.  ECF Nos.

26  112-1 at ¶ 9; ECF 108-1 at 26.

27        **Appeal Log No. SAC-B-02634**

28        Appeal No. SAC-B-15-02634 "pertain[ed to] a June 20, 2015 excessive force being

1  carried out by C/O M. Hammer during a cell extraction."  ECF No. 108-1 at 33, 35; DSUF ¶ 11.

2  While the parties agree that plaintiff submitted this appeal to the third level of administrative

3  review, they disagree about the date that it was received by the Office of Appeals.[3]  See DSUF ¶

4  11, ECF No. 112-1 at 7.  This grievance does not mention any other correctional staff involved in

5  the cell extraction.  ECF No. 108-1 at 33-36.

6      **C.  Appeal Log No. SAC-P-5-03174**

7      In Appeal No. SAC-P-15-03174 plaintiff alleged that while he was being escorted on

8  August 22, 2015, defendant Rashev used excessive force against him by forcibly slamming him

9  to the ground and that defendant Pierce did not intervene or attempt to stop the excessive force.

10  DSUF at ¶ 12; ECF Nos. 108-1 at 38-41; 112-1 at ¶ 12.  In this appeal, plaintiff also complained

11  that this use of force by Rashev occurred after plaintiff indicated that he was going to write the

12  officers up for their conduct.  Plaintiff's Statement of Undisputed Facts in Support of Motion for

13  Summary Judgment ("PSUF") at ¶ 14.  Plaintiff further complained that defendant Pierce was

14  retaliating against him.  PSUF at ¶ 15.  This appeal was received in the CSP-Sac Appeals Office

15  on September 22, 2015.  DSUF at ¶ 12.  Plaintiff submitted this grievance to all three levels of

16  administrative review.  ECF No. 108-1 at 38-41.  It was denied by the Appeals Office on

17  February 16, 2016.  DSUF at ¶ 11.

18      A separate Crime/Incident Report was created based on the August 22, 2015 incident

19  between plaintiff and defendants Rashev and Pierce.  Defendants' Response to PSUF at ¶ 16.  In

20  defendant Pierce's staff report, he grabbed plaintiff's left upper arm with both of his hands and,

21  with the assistance of defendant Rashev, utilized his strength and body weight to force plaintiff to

22  prone out on the ground.  PSUF at ¶ 17.

23  /////

24  _____

25  [3] Plaintiff submits that the Appeals Office received this grievance on August 28, 2015.  ECF No.
   112-1 at 7 (Plaintiff's Response to Defendants' Statement of Undisputed Facts).  However, the

26  multiple date stamps on the grievance form itself are completely illegible.  See ECF No. 108-1 at
   33.  Defendants submit that this grievance was received on February 4, 2016 based on the

27  Declaration of D. Contreras even though that date is not listed on the IATS print out attached to
   the declaration.  See ECF No. 108-1 at 4.  The court finds it unnecessary to resolve this factual

28  dispute as both dates occurred prior to plaintiff's filing of the instant suit.

1

### D.  Appeal Log No. SAC-P-04392

2        In Appeal No. SAC-P-04392, received by the SAC Appeals Office on November 17,

3  2015, plaintiff alleged that Sergeant Morton pointed a 40 mm launcher at plaintiff's face during

4  an October 21, 2015 cell extraction.  DSUF ¶ 13.  Defendants assert that this grievance did not

5  allege that the 40 mm launcher was fired, or that plaintiff suffered an injury as a result of its

6  presence.  DSUF ¶ 13.  Plaintiff counters that this grievance indicates that he "was terrified" that

7  the 40 mm launcher was going to be used and that this constitutes an injury.  ECF No. 112-1 at ¶

8  13; ECF No. 108-1 at 45.  This grievance also alleged that pepper spray was used during

9  plaintiff's cell extraction, but it does not indicate by whom.  ECF No. 108-1 at 45.   Plaintiff

10  contends that "the use of pepper spray frustrates one's ability to identify by name the person"

11  deploying it.  ECF No. 112-1 at ¶ 13.

12

### E.  Appeal Log No. SAC-P-15-02516

13        In Appeal No. SAC-P-15-02516, plaintiff complained about an incident that occurred on

14  July 4-5, 2015 at CSP-Sac which resulted in him being pepper sprayed through a food port during

15  a cell extraction.  DSUF at ¶ 10; ECF No. 108-1 at 28-31.  According to plaintiff, his grievance

16  also alleged that "the C/O's" repeatedly yelled at him to "stop trying to hang yourself" during the

17  cell extraction even though he was not attempting to hang himself.  ECF No. 108-1 at 30.  While

18  the parties agree that this grievance does not identify any of the correctional officers involved by

19  name, plaintiff contends that it was not possible for him to do so based on the nature of the

20  incident itself, i.e. being sprayed through a small opening in his cell door.  DSUF at ¶ 10, ECF

21  No. 112-1 at ¶ 10.  The parties further agree that this appeal was pursued through the third level

22  of administrative review, although they disagree as to the date that it was received by the Office

23  of Appeals.  DSUF at ¶ 10, ECF No. 112-1 at 5-6.  As plaintiff indicates, the file stamp from the

24  Office of Appeals indicates that this grievance was received on August 3, 2015.  ECF No. 108-1

25  at 28.

26

### F.  Appeal Log No. SAC-P-17-03161

27        In opposition to defendants' summary judgment motion, plaintiff indicates that he was

28  served with Rules Violation Report ("RVR") Log No. PSU-15-10-1050 on October 27, 2015

which described his cell extraction by defendants Manson, Stanfield, and Leech on October 20, 2015.  ECF No. 112-1 at ¶¶ 42-47.  In the RVR, defendant Leech is described as applying leg irons to plaintiff.  ECF No. 112-1 at ¶ 44.  Defendant Manson is described as striking plaintiff two times with his baton: first on the top of plaintiff's head and then on his forehead.  ECF No. 112-1 at ¶ 45.   Defendant Stanfield is described as restraining plaintiff's wrist while leg restraints were applied.  ECF No. 112-1 at  27.

In regard to these actions, plaintiff submits that he filed an inmate appeal that was received by the CSP-Sac Appeals Office on August 8, 2017 and assigned Log No. SAC-P-17-03161.  ECF No. 112-1 at ¶¶ 49-50.  This appeal complained that plaintiff received 6 staples to his head due to being struck with leg irons by defendant Leech.  ECF No. 112-1 at ¶ 50.  Plaintiff also complained that defendants Manson and Stanfield participated in the cell extraction.  ECF No. 112-1 at ¶¶ 51-52.  This inmate appeal was submitted to all three levels of administrative review with a final denial being issued on January 16, 2018.  ECF No. 112-1 at ¶¶ 53-58.

### G.  Health Care Appeal Log No. SAC-HC-15-031282

Plaintiff additionally asserts that his inmate health care appeal Log No. SAC-HC-15-031282 was received by the CSP-Sac Appeals Office on July 17, 2015.  See ECF No. 112-1 at ¶¶ 19-20; ECF No. 112-2 at 34-37.  In this appeal, plaintiff complained that a mental health doctor whom he spoke with on June 20, 2015 about feeling suicidal told plaintiff that he would have to return to his cell because there was no room and that no one was going to kill him.  ECF No. 112-1 at ¶ 21; ECF No. 112-2 at 34-37.  CDCR's first level appeal denial identified this doctor as defendant Martin.  ECF No. 112-1 at ¶ 22; ECF No. 112-2 at 38 (Institution Response for First Level HC Appeal).  Plaintiff submitted this health care appeal to all three levels of administrative review.  ECF No. 112-1 at ¶¶ 23-26, 28-29; ECF No. 112-2 at 38-45.  The third level of review denied plaintiff's health care appeal on March 9, 2016.  ECF No. 112-1 at ¶ 29; ECF No. 112-2 at 44-45.

### H.  Party Admissions

Plaintiff fully exhausted his administrative remedies with respect to the excessive force claims against defendants Tanton and Rashev.  PSUF at ¶ 40-41.  Plaintiff also relies on his

propounded request for admissions to defendant Pierce in support of his motion for summary

judgment.  According to plaintiff, defendant Pierce did not timely serve his responses to

plaintiff's request for admissions and, as a result, they should be deemed admitted.  PSUF at ¶ 42;

see also Fed. R. Civ. P. 36(a)(3).  Defendants dispute this.  Prior defense counsel submitted an

affidavit indicating that Pierce's response to Plaintiff's Request for Admissions, which contested

the exhaustion of his excessive force claim, was mailed along with other discovery responses on

May 10, 2021.  ECF No. 111-1 (Declaration of Kelli M. Hammond).  However, once informed

that Pierce's response had not been received by plaintiff's counsel, neither a photocopy nor a

scanned version of the response could be located by prior defense counsel.  ECF No. 111-1 at ¶ 4.

Based upon what appears to be a clerical error, defendants request that the court permit defendant

Pierce to withdraw or amend his responses to these requests for admissions pursuant to Rule

36(b) of the Federal Rules of Civil Procedure.  ECF No. 111 at 5-6.

## V.     Analysis

The motions for summary judgment will be addressed in the order filed by the parties.

With respect to defendants' motion for summary judgment, the court finds that they have carried

their initial burden of proving the availability of an administrative remedy.  Therefore, the burden

shifts to plaintiff to come forward with evidence that there was something in his particular case

that made the existing administrative remedies effectively unavailable to him or that he has

otherwise properly exhausted his claims with respect to the remaining defendants who were not

named in his grievance.  Williams v. Paramo, 775 F.3d at 1191.

While the Supreme Court has held that the PLRA does not specifically require an

individual defendant to be identified by name in an administrative grievance in order to properly

exhaust a claim, this may be required by the particular procedural rules that a prisoner must

follow.  Jones v. Bock, 549 U.S. 199 (2007).  In Woodford v. Ngo, 548 U.S. 81, 89-96 (2006),

the Supreme Court emphasized that proper administrative exhaustion of a claim requires a

prisoner to comply with all of the prison's deadlines and other critical procedural rules in order to

allow the agency to address the complaint on the merits.  Section 3084.2(a)(3) of Title 15 of the

California Code of Regulations requires an inmate to "list all staff member(s) involved and shall

describe their involvement in the issue" being grieved.  This includes listing "the staff member's last name, first initial, title or position, if known… [and] [i]f the inmate… does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question."  Cal. Code Regs. tit. 15, § 3084.2(a)(3) (repealed and replaced June 1, 2020).  The Ninth Circuit Court of Appeal recently concluded that a prisoner exhausts administrative remedies "despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits at each available step of the administrative process."  Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016).  In Reyes, the Court found that plaintiff properly exhausted his administrative remedies with respect to two doctors on the prison's Pain Management Committee even though they were not specifically named in plaintiff's administrative grievances.  810 F.3d 654.  In reaching this conclusion, the Court found that there must be a "sufficient connection" between the claim in the administrative grievance and the unidentified defendants to allow prison officials to have "notice of the alleged deprivation" and an "opportunity to resolve it."  Reyes, 810 F.3d at 959.

In this case, defendant Ellin argues that plaintiff failed to comply with the regulation that required all staff members to be named in the administrative grievance.  See Cal. Code Regs. tit. 15, § 3084.2(a)(3) (repealed June 1, 2020).  However, plaintiff's grievance did put the prison on notice of the specific participation by the Lieutenant who ordered plaintiff's cell extraction which was sufficient for the prison to identify the staff member involved, i.e., defendant Ellin.  See Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016) (emphasizing that "[u]nder the PLRA, a grievance 'suffices if it alerts the prison to the nature of the wrong for which redress is sought.'") (citations omitted).  Thus, plaintiff has produced evidence that he properly exhausted his administrative remedies with respect to the claim against defendant Ellin by including the officer's job title in Appeal Log No. SAC-B-15-02037.  As a result, the undersigned recommends denying defendant Ellin's motion for summary judgment and granting plaintiff's cross summary judgment motion with respect to defendant Ellin.

With respect to defendants Manson, Leech, and Stanfield, the issue before the court is

1   whether plaintiff's 2017 inmate grievance properly exhausted his excessive force claims against

2   them which occurred on October 20, 2015.  See Grievance Log No. SAC-P-17-03161.

3   Defendants argue that prison officials did not screen out this grievance as untimely because a fair

4   reading of it indicated that plaintiff was challenging the issuance of the RVR against him and not

5   the use of force incident in 2015.  In his Objections to the Findings and Recommendations issued

6   on October 19, 2021, plaintiff points out that Grievance Log No. SAC-P-17-03161 specifically

7   requested that C/O J. Leech be held accountable for striking him in the head with leg irons.  ECF

8   No. 119.  This was sufficient to put prison officials on notice of the alleged wrongdoing by

9   defendant Leech dating back to the 2015 use of force.  ECF No. 119 at 3-4.  Plaintiff argues that

10  the grievance responses did not reject this grievance on timeliness grounds and defendants do not

11  point to any evidence indicating that this grievance was rejected or denied based on untimeliness.

12       Plaintiff has carried his burden of producing evidence that he identified defendant Leech

13  and requested relief for his use of excessive force against him in 2015 in Grievance Log No.

14  SAC-P-17-03161.  The undisputed material facts demonstrate that prison officials did not screen

15  out or deny this grievance based on untimeliness.  Because prison officials decided this grievance

16  on the merits without addressing its procedural flaw concerning Leech's use of excessive force,

17  plaintiff has properly exhausted this claim.  See Reyes v. Smith, 810 F.3d 654, 658 (9th Cir.

18  2016).  Therefore, defendants' motion for summary judgment should be denied with respect to

19  defendant Leech and plaintiff's cross summary judgment motion should be granted.

20       While this same grievance also references defendants Manson and Stanfield, the

21  undisputed material facts demonstrate that plaintiff did not complain or seek relief for any use of

22  excessive force by them.  The grievance merely challenged the truthfulness of reports by

23  defendants Manson and Stanfield, amongst others.  See ECF No. 107-2 at 23.  Plaintiff has not

24  carried his burden of producing evidence demonstrating his exhaustion of the claims against these

25  defendants.  Therefore, defendants Manson and Stanfield are entitled to summary judgment based

26  on plaintiff's failure to exhaust his administrative remedies concerning the excessive force claim

27  against them.  The undersigned further recommends that plaintiff's cross motion for summary

28  judgment should be denied with respect to defendants Manson and Stanfield.

To the extent that plaintiff is arguing that he should be excused from exhausting his administrative remedies for his excessive force claims related to the use of pepper spray based on the difficulty of identifying individual(s) deploying it, there is no case law cited, nor is the court aware of any through its independent research, carving out such a broad-based exception.  As a result, the undersigned finds that plaintiff has not demonstrated that "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'"  Williams, 775 F.3d at 1191 (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)).  In fact, plaintiff acknowledges that he is not arguing that he is excused from the exhaustion requirement with respect to any of his claims.  See ECF No. 112 at 6-7.

With respect to the claims against defendants Halloran, Largent, and Valencia involving inadequate mental health care for his suicidal ideation, plaintiff argues that he properly exhausted his administrative remedies because they were all involved in forming his mental health treatment plan.  However, Health Care Appeal Log No. SAC-HC-15-031282 only complained about a mental health doctor's decision to return plaintiff to his cell despite his assertion of being suicidal on June 20, 2015.  This doctor was sufficiently described in the appeal for CDCR to identify the doctor as defendant Martin.  However, plaintiff does not mention his mental health treatment plan nor any other mental health staff who he was alleging was deliberately indifferent to his need for mental health treatment in this administrative appeal.  Therefore, the court finds that the undisputed material evidence even viewed in the light most favorable to the plaintiff shows that plaintiff failed to exhaust his administrative remedies on the deliberate indifference claims.  Defendants Halloran, Largent, and Valencia are entitled to summary judgment as to these claims.  Albino, 747 F.3d at 1172.  Accordingly, the undersigned recommends granting the motion for summary judgment as to defendants Halloran, Largent, and Valencia.

Turning to plaintiff's cross motion for summary judgment, the court finds that defendants Tanton and Rashev admit that plaintiff's claims against them are properly exhausted.  Based on these admissions, the undersigned recommends granting plaintiff's motion for summary judgment as to defendants Tanton and Rashev since there is no genuine issue of material dispute.

17

Thus, the only real dispute with respect to plaintiff's summary judgment motion concerns whether plaintiff's excessive force claim against defendant Pierce is exhausted. To the extent that Appeal Log No. SAC-P-15-03174 complains that defendant Pierce failed to protect plaintiff from harm and was retaliating against plaintiff, these are not the claims raised against defendant Pierce in the second amended complaint. See ECF No. 38 at 11-12 (alleging excessive force). Therefore, the undersigned finds that these portions of the grievance are irrelevant to the issue before the court. Furthermore, plaintiff's reliance on defendant Pierce's staff report concerning the August 22, 2015 escort is not part of the CDCR's administrative grievance procedure and, therefore, does not suffice to properly exhaust the excessive force claim against defendant Pierce.[4] See Cal. Code Regs. tit. 15 § 3084.2(1) (indicating that prisoners "shall use a CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, to describe the specific issue under appeal and the relief requested."), repealed and replaced June 1, 2020; see also Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (emphasizing that proper exhaustion requires compliance with the agency's procedural rules).

The last argument plaintiff makes with respect to defendant Pierce is that his responses to the requests for admissions were untimely. Therefore, plaintiff deems his response to the exhaustion question as admitted for purposes of summary judgment. See Fed. R. Civ. P. Rule 36(a). After reviewing the declaration from former defense counsel in this case, the undersigned finds that defendant Pierce's responses to the requests for admission were not included in the discovery materials served on May 10, 2021. When this omission was brought to her attention, former defense counsel could not locate a photocopy nor a scanned version of the original responses. See ECF No. 111-1 at 12 (Declaration of Kelli M. Hammond). Therefore, the court finds that the responses served on plaintiff's counsel on August 30, 2021 were untimely. See ECF No. 107-2 at ¶ 4 (Declaration of Carter C. White). However, upon request of defendants, the undersigned finds that Pierce has satisfied the criteria for being permitted to withdraw his

---

[4] The facts contained in the staff report would not have alerted the prison to any use of excessive force against plaintiff as defendant Pierce states that "Officer Rashev and I used immediate force to stop the imminent threat to our personal safety." ECF No. 107-2 at 26.

admission pursuant to Rule 36(b) of the Federal Rules of Civil Procedure. See Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007). In this case, withdrawing the admission would promote the presentation on the merits of the excessive force claim and no prejudice will be suffered by plaintiff as there is no indication that that any key witness is unavailable or that any necessary evidence is unavailable on the issue that was deemed admitted. See Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). In fact, plaintiff did not respond to defendant Pierce's request to withdraw his admission. See ECF No. 114 (reply in support of plaintiff's motion for partial summary judgment); see also Conlon, 474 F.3d at 622 (emphasizing that "[t]he party relying on the deemed admission has the burden of proving prejudice."). Therefore, the court will grant defendant Pierce the relief requested and will not deem his untimely response as an admission for purposes of summary judgment on exhaustion. See Fed. R. Civ. P. 37(b).

Absent this admission from defendant Pierce, the court finds that plaintiff has failed to carry his burden of producing evidence that he properly exhausted his administrative remedies with respect to the excessive force claim against this defendant. Therefore, plaintiff is not entitled to summary judgment as to defendant Pierce and it is recommended that his cross motion for summary judgment be denied as to this defendant.

Accordingly, IT IS HEREBY ORDERED that defendant Pierce's request to withdraw or amend his admission pursuant to Rule 36(b) of the Federal Rules of Civil Procedure is granted.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 106) be granted in part and denied in part as explained herein.

2. Plaintiff's cross motion for summary judgment (ECF No. 107) be granted in part and denied in part as explained herein.

3. Defendants Halloran, Largent, Valencia, Manson, and Stanfield be dismissed without prejudice based upon plaintiff's failure to exhaust the administrative remedies with respect to the claims against them.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 14, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/camp0671.msj.exhaust(2).docx