UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA J. TANTON, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-00671-KJM-CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding through appointed counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's renewed motion to amend the second amended complaint and combined motion to modify the scheduling order governing this case. ECF No. 139. Defendants have filed an opposition and plaintiff has filed a reply. ECF Nos. 141, 143. For the reasons outlined in further detail below, the court will grant plaintiff's motion to amend and will direct the parties to meet and confer to submit a proposed joint new scheduling order.

**I.　　Motion to Amend**

The procedural history of this case is lengthy and will only be recounted herein as necessary to resolve the pending motion since the parties are well versed in the procedural posture of this case.

Although plaintiff did not file a proposed third amended complaint along with his motion,

1

1  it is clear from the briefing that plaintiff seeks to add an additional medical negligence claim
2  against defendants Martin and Kenton.  ECF No. 139.  Based on their answers and written
3  discovery responses, plaintiff was allegedly misled into believing that these defendants were
4  CDCR employees.  ECF No. 139 at 5-6.  However, plaintiff learned on March 22, 2022, that
5  defendants Martin and Kenton were independent contractors and, thus, not subject to the claims
6  requirement provision of the California Government Code.[1]  Id. at 3-6.  Plaintiff submits that
7  "adding the medical negligence claims will not alter the nature of the litigation because these
8  claims arise from the same incidents as the pending Eighth Amendment medical care claims
9  against the same psychologists."  ECF No. 139 at 8.  As part of the motion, plaintiff also seeks to
10 modify the scheduling order in this case to allow additional fact discovery, disclosure of experts,
11 and expert discovery.

   By way of opposition, defendants contend that the motion to amend should once again be denied without prejudice to renewal until the pending cross summary judgment motions have been ruled upon.  ECF No. 141 at 2.  Relying on their opposition to the original motion, ECF No. 134, defendants further contend that amendment would cause undue delay and unjustly prejudice them since their expert has already completed his report.  ECF No. 134 at 7.  The majority of defendants opposition is focused on plaintiff's request to modify the discovery and scheduling order in this case.  ECF No. 134 at 2-6.  Defendants point out that fact-based discovery had closed by the date of the original motion to amend and argue that plaintiff has not demonstrated good cause for further expert discovery.  ECF No. 134 at 3-4.

   In reply, plaintiff points out the inconsistency in defendants' request to further delay these proceedings by denying the motion subject to renewal while simultaneously arguing that they would be unduly prejudiced by additional delay.  ECF No. 143.

/////

/////

---

[1] As the docket reflects, plaintiff originally filed this motion to amend on May 4, 2022.  ECF No. 133.  Thus, the court does not find that plaintiff has unduly delayed in seeking leave to amend.  The court denied the motion without prejudice to refiling on June 29, 2022.  ECF No. 137.

2

## II. Legal Standards

### A. Leave to Amend

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).

### B. Modification of the Discovery and Scheduling Order

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

## III. Analysis

In light of the issuance of Findings and Recommendations on the parties' cross motions for summary judgment, ECF No. 145, the undersigned finds that plaintiff's renewed motion to amend is now ripe for adjudication. The court finds that the proposed amendment is not sought in bad faith and is not futile. See Bowles, 198 F.3d at 757-58. While defendants argue that any further delays in this case will result in undue prejudice to them, "[u]ndue delay by itself ... is insufficient to justify denying a motion to amend." Bowles, 198 F.3d at 758. Further, plaintiff is seeking to amend based on the same set of facts supporting the Eighth Amendment claims against defendants Martin and Kenton. This mitigates against a finding of undue prejudice to the defendants. For all these reasons, the court grants plaintiff's renewed motion to amend the second amended complaint.

For good cause shown and based on the court's decision to grant plaintiff leave to amend,

it appears necessary to further modify the discovery and scheduling order governing this case. The record in this case does not support any lack of diligence on plaintiff's part in meeting the deadlines governing this case. Therefore, the court will grant plaintiff's motion to further modify the discovery and scheduling order.

        Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's renewed motion to amend the second amended complaint (ECF No. 139) is granted.
2. Plaintiff shall file a third amended complaint adding medical negligence claims against defendants Martin and Kenton within 30 days from the date of this order.
3. Plaintiff's motion to modify the discovery and scheduling order in this case is also granted.
4. The parties are ordered to meet and confer within 14 days after the filing of the third amended complaint for the purpose of reaching a stipulation regarding further discovery and scheduling consistent with the terms of this order.[2]
5. Within 30 days from the date of filing the third amended complaint, the parties shall submit a joint proposed further scheduling order including agreed upon deadlines for additional fact and expert discovery and disclosures related thereto.

Dated: October 17, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/camp0671.m2amend(2).docx

---

[2] Going forward, the parties are encouraged to seek stipulations for any extensions of time or other scheduling and discovery matters in this case before relying on court resources to resolve these disputes. See ECF No. 134 at 4 n. 3 (describing the lack of any proposal to stipulate to the extension of expert discovery deadlines).