1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SENARBLE CAMPBELL,                        No.  2:18-cv-00671-CKD

12                Plaintiff,

13        v.                                   ORDER REFERRING CASE TO ADR

14   JOSHUA J. TANTON, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner proceeding through appointed counsel in this civil rights action

18   filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on plaintiff's third amended

19   complaint alleging Eighth Amendment deliberate indifference claims against defendants Becerra,

20   Martin, Kenton, and Herrera; excessive force claims against defendants Tanton, Hammer, Pierce,

21   Rashev, and Leech; a failure to protect claim against defendant Ellin; and, state law medical

22   negligence claims against defendants Martin and Kenton.  By separate order filed this same date,

23   defendants' partial motion for summary judgment was granted in part and denied in part.

24        While the motion for summary judgment was pending, the parties submitted a proposed

25   joint scheduling order indicating that a settlement conference would be appropriate at this

26   juncture.  Therefore, this case will be referred to Magistrate Judge Stanley A. Boone to conduct a

27   video settlement conference via the Zoom videoconferencing application.  The court will issue

28   the necessary writ for plaintiff to participate in the settlement conference after a date has been

1    selected.

2           The parties are directed to contact Courtroom Deputy Jan Nguyen at (559) 499-5672 or

3    jnguyen@caed.uscourts.gov with their available dates in August 2024 to schedule the settlement

4    conference in this case.

5           The parties shall each submit to Judge Boone a confidential settlement conference

6    statement, as described below, at least seven days (one week) prior to the conference.

7           The court puts the parties on notice that if plaintiff has any outstanding criminal restitution

8    obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what

9    the restitution obligation is, but what the value of the case itself is to each side, irrespective of any

10   outstanding restitution obligation.

11          Defendants shall be prepared to negotiate the merits of the case and offer more than a

12   waiver of costs as a reasonable compromise to settle the case.  The parties are also informed that

13   an offer of dismissal in exchange for a waiver of costs is not considered good faith settlement

14   negotiations.

15          In accordance with the above, IT IS HEREBY ORDERED that:

16      1.  This case is referred to Magistrate Judge Stanley A. Boone to conduct a video settlement

17   conference, **via the Zoom videoconferencing application**.

18      2.  A representative with full and unlimited authority to negotiate and enter into a binding

19   settlement shall attend **via the Zoom videoconferencing application**.[1]

20      3.   Those in attendance must be prepared to discuss the claims, defenses and damages.

21   The failure or refusal of any counsel, party or authorized person subject to this order to appear in

22   person may result in the cancellation of the conference and the imposition of sanctions.  The

23   manner and timing of plaintiff's transportation to and from the conference is within the discretion

24   of CDCR.

25      4.  No later than 7 days before the scheduled settlement conference, the parties shall

26   provide a confidential settlement statement to the following email address:

27   _____

28   [1] In light of the coronavirus (COVID-19) outbreak and the evolving coronavirus protocols, the
     Court may issue an order at a later date requiring the parties to appear in person.

saborders@caed.uscourts.gov.  Parties shall also file a Notice of Submission of Confidential Settlement Statement (See Local Rule 270(d)).  Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**.  Settlement statements shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

5.  The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a.  A brief statement of the facts of the case.

    b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.  An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    e.  A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

    f.  If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.

6.  If a settlement is reached at any point, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

7.  The parties remain obligated to keep the court informed of their current addresses at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  See L.R. 182(f).

////

3

Dated:  April 21, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/camp0671.ADR.postmsj